## COMMONWEALTH *vs.* PATRICK HARDIMAN.

An indictment on *St.* 1855, c. 215, § 17, for being a common seller of intoxicating liquors, is not supported by evidence of sales of beer, without evidence that it was "strong beer" or "lager beer."

On a criminal trial, if the Commonwealth fails to make out a *prima facie* case, the fact that the defendant produces no evidence to negative an averment which the government is bound to prove will not warrant the jury in finding that averment proved.

INDICTMENT for being a common seller of intoxicating liquors. Trial in the court of common pleas before *Aiken*, J., who signed the following bill of exceptions :

" At the trial the government offered evidence tending to show sales of some kind of beer by the defendant and by others in his employment, which it was claimed by the government was strong beer, but this was denied by the defendant. The defendant offered no evidence.

" The court instructed the jury that the fact that the defendant offered no evidence that it was not strong beer, if such evidence existed, was a circumstance which they might consider with the other evidence in the case, in determining whether the article was or was not strong beer, and whether the defendant was guilty or not guilty. The jury returned a verdict of guilty, and to the above ruling the defendant excepts."

*C. R. Train,* for the defendant. The law does not prohibit the sale of beer generally, but only of intoxicating liquors, including " strong beer " and " lager beer." *St.* 1855, c. 215, § 1. No evidence was offered, and the law raises no presumption, that the beer sold was intoxicating. There was therefore no evidence that the defendant had violated the statute.

*J. H. Clifford,* (Attorney General,) for the Commonwealth. The absence of evidence tending to show that the act complained of was not unlawful was a circumstance properly submitted to the jury. *Commonwealth* v. *Webster*, 5 Cush. 316. It does not appear that all the evidence is reported.

BY THE COURT. The defendant is to be presumed innocent, until the crime charged against him is proved. It is only after

the introduction of *prima facie* evidence in support of the indictment, that the absence of evidence tending to a contrary conclusion is to be considered. *Commonwealth* v. *Webster*, 5 Cush. 316. It must be presumed that all the facts are reported upon which the ruling excepted to was based. The judge should have instructed the jury that, in the absence of any evidence of the qualities of the beer proved to have been sold, the defendant was entitled to an acquittal. *Exceptions sustained.*